**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2583-20

CAPITAL ONE, N.A.,

     Plaintiff-Respondent,

v.

LEWIS WU and HYEYEON YUN,

     Defendant-Appellants,

and

PARK PLACE CONDOMINIUM
ASSOCIATION, ACE GAMING
LLC, t/a THE SANDS, TRUMP
TAJ MAHAL ASSOCIATES, f/k/a
TRUMP TAJ MAHAL
ASSOCIATES LP, t/a TRUMP TAJ
MAHAL CASINO RESORT, LML
SUPERMARKETS, INC., MARINA
DISTRICT DEVELOPMENT CO.,
LLC, t/a BORGATA, ATLANTIC
CITY SHOWBOAT, INC., a/k/a
ATLANTIC CITY SHOWBOAT,
d/b/a SHOWBOAT CASINO
HOTEL, SUMMIT IMPORT
CORPORATION, CELLULAR-ONE
METROPHONE, FIRST TRENTON,
as subrogee of IRENE KASBARIAN,

ALBERT UJUETA, d/b/a
BUSINESS EXCHANGE
ENTERPRISES, and STATE OF
NEW JERSEY,

     Defendants.

_____

Submitted August 2, 2022 – Decided August 22, 2022

Before Judges Sumners and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-002400-11.

Lewis Wu and Hye Yeon Yun, appellants pro se.

Respondents have not filed a brief.

PER CURIAM

In this residential foreclosure matter, defendants Hye Yeon Yun and Lewis Wu appeal without opposition from the Chancery Division's April 30, 2021 order denying their motion to set aside a September 6, 2019 sheriff's sale. We affirm.

For the sake of brevity, we incorporate by reference the facts and procedural history set forth at length in our two unpublished decisions involving the parties' dispute. In the first decision, we affirmed the trial court's May 1, 2018 order denying Wu's reconsideration motion to vacate the January 23, 2018

final judgment of foreclosure. Capital One v. Wu, No. A-5033-17 (App. Div. Feb. 7, 2020) (slip op. at 2). In the second decision, we affirmed the March 19, 2019 order denying Wu's fourth motion to vacate the January 23, 2018 final judgment of foreclosure in the amount of $4,083,644.65. Capital One v. Wu, No. A-4020-18 (App. Div. Nov. 19, 2020) (slip op. at 2).[1]

In this appeal, defendants contend the April 30, 2021 order denying their motion to set aside a September 6, 2019 sheriff's sale should be reversed because the underlying foreclosure judgment was invalid due to improper service on Yun. In a nine-page rider attached to the April 30 order, Judge James J. Deluca explained in detail that defendants' motion was essentially a reconsideration motion disguised as a motion to vacate because it sought "to relitigate issues which ha[d] already been decided . . . in prior, identical motions." The judge pointed out that "throughout these proceedings, [defendants] failed to overcome [p]laintiff's prime facie right to foreclosure on the [p]roperty." In particular, the judge held "[d]efendants' contention that . . . Yun was improperly served is belied by the exhibits which [d]efendants have attached to their own [m]otion which clearly demonstrate that both [d]efendants, . . . were properly served. The

---

[1] Wu's petition for certification was denied. Capital One, N.A. v. Wu, 247 N.J. 220 (2021).

A-2583-20

instant [m]otion simply rehashes and reargues matters already decided." The judge further stressed that defendants' answer and affirmative defenses had been stricken, the property was sold by the successful bidder to a third-party purchaser for value, and defendants knowingly failed to act on their right to redeem the property.

Having considered defendants' contentions, we conclude that their arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the cogent reasons expressed by Judge Deluca in his rider.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-2583-20